IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | )<br>)<br>) |
| Plaintiff, | ) |
| v. | ) Case No. 2:25-cv-02327-TC-ADM |
| STATE OF KANSAS, DEPARTMENT OF HEALTH AND ENVIRONMENT | )<br>)<br>) |
| Defendants. | )<br>) |

## ANSWER

Defendant State of Kansas, Department of Health and Environment, by and through counsel, Jeff Bullins and Kemper Bogle of Simpson, Logback, Lynch, Norris, P.A., hereby submits its Answer to Plaintiff's Complaint as set forth herein. Defendant denies any and all allegations contained within Plaintiff's Complaint, unless specifically admitted in this Answer.

## JURISDICTION AND VENUE

1. The allegations of paragraph 1 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, it is admitted that this Court has jurisdiction over the claim. Defendant denies that the claim has merit.

2. The allegations of paragraph 2 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, it is admitted that the acts alleged in the Complaint purportedly took place in this District. Defendant denies that it engaged in any unlawful employment practices.

## PARTIES

3. It is admitted that Plaintiff is an agency of the United States of America. The remaining allegations of paragraph 3 of the Complaint are conclusions of law to which no response is required.

4. It is admitted that Defendant KDHE is a state agency in Kansas.

5. Defendant admits the allegations within paragraph 5 of the Complaint.

## ADMINISTRATIVE PROCEDURES

6. Defendant admits the allegations within paragraph 6 of the Complaint.

7. Defendant is without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 7 of the Complaint, therefore the same are hereby denied.

8. It is admitted only that the EEOC engaged in communications with Defendant. The remaining allegations are denied.

9. Defendant is without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 9 of the Complaint, therefore the same are hereby denied.

10. Defendant admits the allegations within paragraph 10 of the Complaint.

11. The allegations of paragraph 11 of the Complaint are conclusions of law to which no response is required.

## STATEMENT OF CLAIMS

12. Defendant denies the allegations set forth in paragraph 12 of the Complaint.

13. Defendant is without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 13 of the Complaint, therefore the same are hereby denied.

14. Defendant is without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 14 of the Complaint, therefore the same are hereby denied.

15. Defendant is without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 15 of the Complaint, therefore the same are hereby denied.

16. Defendant is without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 16 of the Complaint, therefore the same are hereby denied.

17. Defendant is without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 17 of the Complaint, therefore the same are hereby denied.

18. Defendant is without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 18 of the Complaint, therefore the same are hereby denied.

19. Defendant is without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 19 of the Complaint, therefore the same are hereby denied.

20. Defendant is without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 20 of the Complaint, therefore the same are hereby denied.

21. Defendant is without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 21 of the Complaint, therefore the same are hereby denied.

22. Defendant is without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 22 of the Complaint, therefore the same are hereby denied.

23. Defendant is without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 23 of the Complaint, therefore the same are hereby denied.

24. Defendant is without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 24 of the Complaint, therefore the same are hereby denied.

25. Defendant is without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 25 of the Complaint, therefore the same are hereby denied.

26. Defendant is without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 26 of the Complaint, therefore the same are hereby denied.

27. Defendant is without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 27 of the Complaint, therefore the same are hereby denied.

28. Defendant is without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 28 of the Complaint, therefore the same are hereby denied.

29. Defendant denies the allegations set forth in paragraph 29 of the Complaint.

## COUNT I
### (ADEA – Failure to Promote)

30. In response to paragraph 30 of the Complaint, Defendant hereby incorporates its responses to paragraphs 1 to 29 of the Complaint as set forth above.

31. Defendant denies the allegations set forth in paragraph 31 of the Complaint.

32. Defendant denies the allegations set forth in paragraph 32 of the Complaint.

33. Defendant denies the allegations set forth in paragraph 33 of the Complaint.

WHEREFORE, having fully answered the allegations contained within the Plaintiff's Complaint, Defendant prays that Plaintiff take naught, and that this proceeding be dismissed with prejudice, and that Defendant be discharged with its costs and fees expended, and for such other relief as this Court deems just and equitable.

## AFFIRMATIVE DEFENSES

Defendant hereby sets forth the following affirmative defenses in further response to Plaintiff's Complaint.

1. The Complaint fails to state a claim upon which relief may be granted.

2. The EEOC's claims on behalf of Ms. Carper are barred, in whole or in part, by the EEOC's and/or Ms. Carper's failure to exhaust administrative remedies.

3. The EEOC's claims on behalf of Ms. Carper are barred by the EEOC's failure to appropriately engage in the conciliation process.

4. Any actions taken by Defendant were based on legitimate, non-discriminatory, and non-pretextual factors.

5. Defendant denies that it has subjected Ms. Carper to any adverse employment action within the meaning of the ADEA.

6. The EEOC cannot establish entitlement to injunctive or other equitable relief against Defendant.

7. Any damages sought on behalf of Ms. Carper are barred or reduced by her failure to mitigate.

8. Defendant reserves the right to assert additional defenses as may become known through discovery.

## DEMAND FOR A JURY TRIAL

Defendant hereby requests a trial by jury on all triable issues.

## PLACE OF TRIAL

Pursuant to D. Kan. R. 40.2(d), Defendant requests that trial be held in Topeka, Kansas.

WHEREFORE, having fully answered all of the allegations contained in Plaintiff's Complaint, Defendant prays that Plaintiff take naught and that it be dismissed with prejudice; that Defendant be discharged with its costs and fees expended; and for all other relief deemed just and proper by the Court.

           Respectfully Submitted:

           SIMPSON, LOGBACK, LYNCH, NORRIS, P.A.

By:    <u>/s/ Kemper A. Bogle</u>
        Jeffrey A. Bullins, KS #18340
        Kemper A. Bogle, KS #29388
        10851 Mastin Street, Suite 1000
        Overland Park, KS 66210
        (913) 342-2500 (Telephone)
        (913) 342-0603 (Facsimile)
        jbullins@slln.com
        kbogle@slln.com
        ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

     I hereby certify that on this 16th day of September, 2025, the foregoing document was filed with the clerk of the court by using the CM/ECF system which will send notice of electronic filing to all counsel of record.

        <u>/s/ Kemper A. Bogle</u>
        Attorney