IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | |
| vs. | Case No. 2:25-cv-02327-TC-ADM |
| STATE OF KANSAS, DEPARTMENT OF HEALTH AND ENVIRONMENT, | |
| Defendant. | |

**PLAINTIFF EEOC'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS AND/OR TO STRIKE KDHE'S SECOND AND THIRD DEFENSES**

Plaintiff Equal Employment Opportunity Commission ("EEOC") moves for partial judgment on the pleadings under Fed. R. Civ. P. 12(c) and/or to strike under Fed. R. Civ. P. 12(f) Defendant State of Kansas, Department of Health and Environment's ("KDHE") second defense (failure to exhaust administrative remedies) and third defense (failure to "appropriately" conciliate).

**Introduction**

In this employment discrimination case, the EEOC alleges that KDHE violated the Age Discrimination in Employment Act ("ADEA") when it failed to promote Annette Carper because of her age. Specifically, the EEOC alleges KDHE promoted Ms. Carper's younger and less qualified colleague without posting the job opening or considering other candidates, including Ms. Carper. *See* Complaint, ECF #1.

In its Answer, KDHE asserts two defenses, among others:

2. The EEOC's claims on behalf of Ms. Carper are barred, in whole or in part, by the EEOC's and/or Ms. Carper's failure to exhaust administrative remedies.

    3. The EEOC's claims on behalf of Ms. Carper are barred by the EEOC's failure to "appropriately engage in the conciliation process."

*See* Answer (ECF #8) at 4-5.

    Both defenses fail due to the facts KDHE admitted in its Answer and, regardless, the law does not recognize a failure to "appropriately" conciliate defense.

## **Legal Standard**

    The standard of review for a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is the same standard of review as a Rule 12(b)(6) motion to dismiss. *See MNM Invs., LLC v. HDM, Inc.*, No. 18-1267-EFM-KGG, 2019 WL 3430553, at *3 (D. Kan. July 30, 2019) (citing *Myers v. Koopman*, 738 F.3d 1190, 1193 (10th Cir. 2013)). The court must "accept all facts pleaded by the non-moving party as true and grant all reasonable inferences from the pleadings in favor of the same." *Landmark Am. Ins. Co. v. VO Remarketing Corp.*, 619 F. App'x 705, 708 (10th Cir. 2015) (internal citation omitted). "Granting a motion for judgment on the pleadings requires the movant to establish an absence of any issue of material fact and entitlement to judgment as a matter of law." *Id*. To survive judgment on the pleadings, a party must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Crane v. Utah Dep't of Corr.*, 15 F.4th 1296, 1302–03 (10th Cir. 2021).

    The sufficiency of a defense may be further tested by a motion to strike under Rule 12(f), which provides that "[t]he court may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "A defense is insufficient if it cannot succeed, as a matter of law, under any circumstances." *Fed. Trade Comm'n v. Superior Prods. Int'l II, Inc.*, No. 220CV02366HLTGEB, 2020 WL 7480390, at *2 (D. Kan. Dec. 18, 2020) (citing *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 648-49 (D. Kan. 2009)). Moreover, "where the defense asserted is foreclosed by prior controlling decisions

or statutes, the Court may strike it as legally insufficient." *EEOC v. Prod. Fabricators, Inc.*, 873 F. Supp. 2d 1093, 1097 (D. Minn. 2012) (internal quotations omitted). Rule 12(f) is intended to "minimize delay, prejudice and confusion by narrowing the issues for discovery and trial." *Hayne*, 263 F.R.D. 647 at 649.

## Argument

**I.    KDHE's failure to exhaust administrative remedies defense fails as a matter of law.**

KDHE's second defense fails as a matter of law because there are no disputed facts which allow it to survive. Further, the defense is insufficiently pled and thus immaterial to this action. The Court should grant judgment on the pleadings and/or strike the defense.

**a. KDHE admits the EEOC satisfied all conditions precedent before filing suit.**

Under 29 U.S.C. § 626(b), "[b]efore instituting any action under this section, the [EEOC] shall attempt to eliminate the discriminatory practice or practices alleged, and to effect voluntary compliance with the requirements of this chapter through informal methods of conciliation, conference, and persuasion." *Id*. The EEOC must also promptly notify the employer of a charge of discrimination, if one is filed. *See* 29 U.S.C. § 626(d)(2); 29 C.F.R. § 1626.11; *see also EEOC v. New Mexico, Dep't of Corr.*, No. CV 15-879 KG/KK, 2018 WL 1569257, at *3 (D.N.M. Mar. 27, 2018). The federal regulations further provide:

> Notice of commencement of [conciliation] will ordinarily be issued in the form of a letter of violation; provided, however, that failure to issue a written violation letter shall in no instance be construed as a finding of no violation. The Commission will ordinarily notify the respondent and aggrieved persons of its determination.
>
> …
>
> Upon the failure of informal conciliation, conference and persuasion . . . the Commission may initiate and conduct litigation.

29 C.F.R. § 1626.15.

3

In short, before the EEOC files suit under the ADEA, the agency must: (1) notify the employer of a charge of discrimination and (2) attempt conciliation.[1]

Here, KDHE admits Ms. Carper filed a charge of discrimination. Answer (ECF #8 at 2, ¶6). KDHE also admits the EEOC engaged in conciliation communications with KDHE and issued a Notice of Failure of Conciliation. Answer (ECF #8 at 2, ¶¶8,10). KDHE therefore admits notice of Ms. Carper's charge—conciliation and the Notice of Failure necessarily require notice of the charge itself. Because KDHE admits these allegations, there is no dispute that the EEOC satisfied administrative prerequisites for this lawsuit, and KDHE's second defense fails as a matter of law.

> **b. KDHE's response to the EEOC's allegation it satisfied all conditions precedent to filing suit is insufficiently pled and should be deemed admitted.**

The EEOC alleged it satisfied all conditions precedent before filing this lawsuit. *See* Complaint (ECF # 1, ¶11). KDHE responded, "[t]he allegations of paragraph 11 of the Complaint are conclusions of law to which no response is required." Its assertion that ¶11 is a legal conclusion which does not require a response falls under Fed.R.Civ.P. 8(b)(5). KDHE does not identify any specific condition precedent in response to ¶11 the EEOC allegedly did not complete. *See* Answer, (ECF # 8, ¶11).

KDHE's response does not comply with Fed.R.Civ.P. 9(c). "[W]hen denying that a condition precedent has occurred or been performed, a party must do so with particularity." Fed.R.Civ.P. 9(c); *see also EEOC v. Serv. Temps, Inc.*, No. 3:08-cv-1552-D, 2010 WL 1644909, *4 (N.D. Tex. Apr. 22, 2010) (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal

---

[1] Under the ADEA, the EEOC "is not formally tasked with investigating claims[.] An ADEA investigation is only required for conciliation, the actual prerequisite to suit." *EEOC v. New Mexico, Dep't of Corr.*, No. CV 15-879 KG/KK at *4 (citing *Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304 (10th Cir. 2005), abrogated on other grounds by *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166 (10th Cir. 2018)).

Practice and Procedure § 1304, at 330 (3d ed. 2004)), *aff'd* 679 F.3d 323 (5th Cir. 2012) ("A party who intends to controvert the claimant's general allegation of performance or occurrence thus is given the burden of identifying those conditions that the denying party believes are unfulfilled and wishes to put in issue."); *Stryker Corp. v. XL Ins. Co., Inc.*, 57 F. Supp. 3d 823, 836 (W.D. Mich. 2014) (holding defendant could not avoid Rule 9(c) by claiming that the satisfaction of conditions precedent was a "legal conclusion."), *rev'd* on other grounds, 842 F.3d 422 (6th Cir. 2016). Courts in the Tenth Circuit have held that a Rule 8(b)(5) denial does satisfy the particularity requirement of Rule 9(c). *Stanisavljevic v. Standard Fire Ins. Co.,* No. 1:22-cv-03287-RM-SP, 2023 WL 11897270, at *3 (D. Colo. June 28, 2023); *Forbes v. BG3 Cap. Grp., LLC*, No. 230cv000418-SH, 2024 WL 3730261, at *5 (N.D. Okla. Aug. 8, 2024); *Total Quality Sys., Inc. v. Universal Synaptics Corp.*, 679 F. Supp. 3d 1196, 1209 (D. Utah 2023).

Because KDHE failed to respond to ¶11, its response should be stricken. *See EEOC v. Serv. Temps.*, No. 3:08-cv-1552-D at *5 (holding EEOC is entitled to partial summary judgment establishing all conditions precedent to suit were satisfied because defendant failed in its answer to deny with particularity EEOC's allegation that it fulfilled all conditions precedent to suit), *denying recons.* 2010 WL 2381499 (N.D. Tex. 2010), *aff'd* 679 F.3d 323 (5th Cir. 2012). And, if the response is stricken, ¶11 of the Complaint should be deemed admitted. *See* Fed.R.Civ.P. 8(b)(7) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied." *See also EEOC v. Serv. Temps.*, No. 3:08-cv-1552-D at *4 (citing *Jackson v. Seaboard Coast Line R. Co.*, 678 F.2d 992, 1010 (11th Cir.1982)) (If "the [opposing] party does not deny the satisfaction of the conditions precedent specifically and with particularity ... the allegations are *assumed admitted* and cannot later be attacked.") (emphasis in original).

## II.  Failure to appropriately conciliate is not a defense, and the EEOC is entitled to judgment as a matter of law.

In its third defense, KDHE alleges that prior to filing this lawsuit, the EEOC failed to "appropriately engage in the conciliation process." *See* Answer (ECF # 8) at 5, ¶3. But there is no such requirement. The ADEA requires the EEOC to "seek to eliminate any alleged unlawful practice by informal methods of conciliation, conference, and persuasion." 29 U.S.C. § 626; 29 C.F.R. § 1626.12. The EEOC has "wide latitude" over the conciliation process. *Mach Mining, LLC v. EEOC*, 575 U.S. 480, 488 (2015) (addressing Title VII's conciliation requirement, 28 U.S.C. §2000e-5(b)). In *Mach Mining*, the Supreme Court noted the flexibility afforded to the EEOC when conciliating a claim. *Id* at 492. For example, the EEOC is not required to devote a set amount of time or resources to conciliation; it need only "endeavor" to conciliate. *Id.* Critically, "the EEOC alone decides whether in the end to make an agreement or resort to litigation: The Commission may sue whenever unable to secure terms acceptable to the Commission." *Id*. (citation omitted).

Although *Mach Mining* was decided in the context of a Title VII lawsuit, Title VII and the ADEA impose similar requirements on the EEOC to engage in informal conciliation efforts. *Compare* 42 U.S.C. § 2000e-5 ("the Commission shall endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion.") (Title VII) *with* 29 U.S.C. § 626 ("the Commission . . . shall promptly seek to eliminate any alleged unlawful practice by informal methods of conciliation, conference, and persuasion.") Thus, the Supreme Court's holding and rationale in *Mach Mining* may be applied to cases brought under the ADEA. *EEOC v. New Mexico, Dep't of Corr.*, No. CV 15-879 KG/KK at *5 (applying *Mach Mining*'s clarification of EEOC's conciliation obligations to cases brought pursuant to the ADEA.); *EEOC v. Dolgencorp, LLC*, No. CIV-21-295-GLJ, 2024 WL

6

402921, at *10-11 (E.D. Okla. Feb. 2, 2024) (same).

In its Answer, KDHE admitted that the EEOC satisfied its conciliation obligations under the ADEA: KDHE concedes that "the EEOC engaged in [conciliation] communications with Defendant" and issued KDHE a Notice of Failure of Conciliation. *See* Complaint (ECF # 1) and Answer (ECF # 8) at ¶ 8, 10. Put differently, the EEOC sought to eliminate KDHE's discriminatory practices through "informal methods of conciliation, conference, and persuasion." *See* 29 U.S.C. § 626; 29 C.F.R. § 1626.12. The law requires no more. *See EEOC v. Sofidel Am. Corp.*, No. 24-CV-462-JFJ, 2025 WL 2331131, at *2 (N.D. Okla. July 10, 2025) (granting motion to strike conciliation defense); *EEOC v. U. of Miami*, No. 19-23131-Civ, 2020 WL 13220421, *2 (S.D. Fla. July 31, 2020) (noting that "the question is limited to whether in fact the EEOC attempted conciliation."); *EEOC v. W. Distrib. Co.,* 218 F. Supp. 3d 1231, 1239 (D. Colo. 2016) (concluding that the EEOC adequately engaged in conciliation); *EEOC v. O'Reilly Automotive Stores, Inc*., 6:19- cv-882-GAP-LHP, 2020 WL 13547859, *5-6 (M.D. Fla. Jan. 21, 2020) (granting motion to strike failure to conciliate defense); *EEOC v. UPS,* No. 15-CV-4141-MKBCLP, 2017 WL 2829513, at *10 (E.D.N.Y. June 29, 2017) (striking failure to conciliate defense as legally insufficient); *EEOC v. Rosebud Restaurants, Inc.,* No. 13-CV-06656, 2015 WL 5852925, at *1-2 (N.D. Ill. Oct. 7, 2015) (striking affirmative defense of failure to conciliate in good faith as "insufficient as a matter of law").

Even if KDHE's defense were properly pled, inadequate conciliation is not a defense to liability. *EEOC v. New Mexico, Dep't of Corr.*, No. CV 15-879 KG/KK at *4 (internal citation omitted); *see also EEOC v. Chipotle Servs., LLC*, No. CV 23-2439-KHV, 2024 WL 4948888, at *14 (D. Kan. Dec. 3, 2024), *recons. overruled*, No. CV 23-2439-KHV, 2025 WL 446346 (D. Kan. Feb. 10, 2025) ("failure to conciliate is not an affirmative defense"); *EEOC v. DolGenCorp,*

7

*LLC*, No. CIV-21-295-GLJ at *11. If a court takes issue with the EEOC's conciliation efforts, "the appropriate remedy is to order the EEOC to undertake the mandated efforts to obtain voluntary compliance." *Mach Mining*, 575 U.S. at 495 (citing 42 U.S.C. § 2000e–5(f)(1) (authorizing stay)). KDHE therefore does not have a "defense" based on the EEOC's conciliation efforts. *See also EEOC v. Prudential Fed. Sav. & Loan Assoc.*, 763 F.2d 1166, 1169 (10th Cir. 1985) (stating that "if the district court finds that further conciliation efforts are required the proper course is to stay proceedings until such informal conciliation can be concluded."); *EEOC v. BOK Fin. Corp.,* No. CIV 11-1132 RB/LAM, 2014 WL 11829317, at *1 (D.N.M. Jan. 3, 2014) ("the remedy for a failure to conciliate is not dismissal of the case, but rather a stay of the case until conciliation efforts are completed."). KDHE's third defense fails as a matter of law, and the Court should strike it or grant judgment. *See Webb v. Walmart, Inc.*, No. 2:20-CV-2286, 2021 WL 351594, at *2 (D. Kan. Feb. 2, 2021) (striking a defense not recognized under state law).

### III.     The EEOC will be prejudiced if the defenses are not stricken or if judgment on the pleadings is not granted.

Some courts in the District of Kansas require a showing of prejudice to grant relief. To the extent this Court requires such a showing, the EEOC will be prejudiced if relief is not granted because it will be forced to conduct discovery on KDHE's defenses that it cannot establish as a matter of law from the outset of this litigation. *See EEOC v. Sofidel Am. Corp.*, No. 24-CV-462-JFJ at *3 (finding the EEOC would suffer prejudice from expending resources responding to and conducting discovery on insufficient defenses); *Webb v. Walmart, Inc.*, No. 2:20-CV-2286, at *2 (citing *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989) ("[W]here ... motions to strike remove unnecessary clutter from the case, they serve to expedite, not delay.")). There is no dispute requiring discovery.

## Conclusion

KDHE asserts two defenses that are contrary to its admissions elsewhere in its Answer and to federal law. KDHE admits the EEOC met every condition precedent. And the United States Supreme Court squarely rejected any attempt to contest the "appropriateness" of the EEOC's conciliation efforts in *Mach Mining*. Because KDHE's second and third defenses fail as a matter of law, the Court should grant the motion.

Respectfully submitted,

*/s/ Lauren M. Wilson*
Lauren M. Wilson
Trial Attorney, Fla. #1024850
Joshua M. Pierson
Assistant Regional Attorney, Kan. #29095
Equal Employment Opportunity Commission
Kansas City Area Office
400 State Ave., Ste. 905
Kansas City, KS 66101
Phone: (913) 359-1812
Fax: (913) 551-6957
lauren.wilson@eeoc.gov
joshua.pierson@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2025, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which sent notification of such filing to all counsel of record.

*/s/ Lauren M. Wilson*
Lauren M. Wilson