**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF KANSAS, DEPARTMENT OF HEALTH AND ENVIRONMENT,<br><br>Defendant. | ) | Case No. 25-2327-TC-ADM |

**MEMORANDUM AND ORDER**

This matter comes before the court on plaintiff U.S. Equal Employment Opportunity Commission's ("EEOC") Motion to Exclude or, in the Alternative, for Discovery Sanctions. (ECF 88.) By way of the motion, EEOC asks the court to exclude certain documents that defendant Kansas Department of Health and Environment ("KDHE") belatedly produced only two days before the close of discovery. EEOC alternatively asks the court to allow it to conduct discovery, including depositions and written discovery requests as needed, regarding the documents and require KDHE to pay the costs of such discovery. For the reasons discussed below, the court grants EEOC's motion and gives KDHE the option of either (1) exclusion of the late-produced documents or (2) EEOC may conduct discovery to follow-up on the late-produced documents at KDHE's expense.

## I. BACKGROUND

On June 17, 2025, EEOC filed this employment discrimination action under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) ("ADEA"), on behalf of Annette Carper ("Carper"). EEOC alleges that Carper's employer, KDHE, engaged in

unlawful employment practices in violation of the ADEA when it failed to promote Carper, who was at that time 58 years old, because of her age. (ECF 1.) Specifically, EEOC alleges that KDHE hired Carper on October 5, 2020, as a Laboratory Technician I ("Lab Tech I") at its Topeka location. Around September 2021, KDHE hired Sage Hernandez as a Lab Tech I at the same location. Carper and Hernandez both reported to Public Service Administrator Keith Miles ("Miles"). On March 5, 2023, KDHE promoted Hernandez, who was at that time 23 years old, to Laboratory Technician II ("Lab Tech II"), even though Hernandez allegedly did not have the stated minimum qualifications for the Lab Tech II position. The complaint alleges that KDHE promoted Hernandez via a direct appointment rather than posting, advertising, or inviting applications for the Lab Tech II opening, or informing eligible employees about the promotion opportunity. Miles and KDHE did not consider any other employee besides Hernandez for the promotion to Lab Tech II. The complaint further alleges that, after KDHE promoted Hernandez, it altered Hernandez's Lab Tech II position description to match Hernandez's existing duties as Lab Tech I and removed some of the Lab Tech II duties. The complaint also alleges that Miles likewise recommended Lab Tech I Daniel Gaito, who was at the time 26 years old, for a promotion to Lab Tech III. Further, KDHE directly appointed Gaito to that position without posting or advertising the Lab Tech III position opening or inviting applications.

In December 2025, the parties exchanged Rule 26 disclosures and KDHE served a Rule 26 document production. (ECF 14, 15, 17.) EEOC served its First Interrogatories and First Request for Production of Documents, to which KDHE responded on January 23. (ECF 19, 29.) On January 6, 2026, the court conducted a scheduling conference and entered a scheduling order that imposed a discovery deadline of June 5. (ECF 22, at 2.) The scheduling order required the parties to supplement their Rule 26 disclosures forty days before the close of discovery, as follows:

> Supplementations of initial disclosures must be served at such times and under such circumstances as required by Fed. R. Civ. P. 26(e). In addition, supplemental disclosures must be served on a rolling basis and **40 days before the deadline to complete discovery** so as to identify all witnesses and exhibits that probably will be or even might be used at trial so that the opposing party can decide whether to pursue follow-up discovery before the time allowed for discovery expires. Witnesses or other information included in a party's final Fed. R. Civ. P. 26(a)(3) disclosures that did not previously appear in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto presumptively will be excluded under Fed. R. Civ. P. 37(c)(1).

(ECF 22, at 3 (emphasis added).) On April 27, the court amended the scheduling order to extend the discovery deadline to July 1. (ECF 65.) On June 29, two days before discovery was to close, KDHE supplemented its Rule 26(e) disclosures with 22,738 pages of documents, which KDHE described as "Login records and Data Summary." This production consisted mostly of documents reflecting data from Horizon, a previously-undisclosed ESI source, that KDHE apparently intends to use to support its central defense: that it promoted Hernandez over Carper because of Hernandez's type of work, not because of Carper's age. EEOC contends that this production constitutes untimely supplemental Rule 26 disclosures and moves to exclude these late-produced documents.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure require a party to disclose "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." FED. R. CIV. P. 26(a)(1)(A)(ii). A party must supplement its Rule 26(a) disclosures and other discovery responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or

incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or as ordered by the court." FED. R. CIV. P. 26(e)(1).

As a sanction for failing to provide documents or information as required by Rule 26(a) or (e), the party is "not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). The court has discretion to determine when a Rule 26(a) or (e) violation is substantially justified or harmless. *HCG Platinum, LLC v. Preferred Prod. Placement Corp.*, 873 F.3d 1191, 1200 (10th Cir. 2017). The party facing sanctions under Rule 37(c)(1) bears the burden to show substantial justification or harmlessness. *See Eldridge v. Gordon Bros. Grp., L.L.C.*, 863 F.3d 66, 85 (1st Cir. 2017); *Estate of McDermed v. Ford Motor Co.*, No. 14-CV-2430-CM-TJJ, 2016 WL 1298096, at *4 (D. Kan. Apr. 1, 2016) (same).

## III. KDHE'S LATE PRODUCTION IS NOT SUBSTANTIALLY JUSTIFIED

Substantial justification is characterized as justification to a degree that could satisfy a reasonable person. *Sun River Energy, Inc. v. Nelson*, 800 F.3d 1219, 1227 (10th Cir. 2015). In order to show substantial justification, KDHE must explain the circumstances under which it discovered that it needed to disclose these documents from Horizon and why it did not disclose that ESI source or produce the Horizon documents until two days before discovery closed. KDHE has not made any such showing here. KDHE states that its ESI searches focused on records from its employment-related systems, not Horizon, because Horizon was not previously used to track employee performance and was not used or relied upon in the direct appointment decision at issue, so it was not considered to have relevant information. (ECF 89, at 2-4.) Rather, it was only after the depositions of Miles and Carper on June 9 and 16 that its defense counsel "inquired whether

Horizon could be used to generate historical reports identifying the number and type of samples accessioned by individual laboratory technicians"; only then did KDHE generate the reports ultimately produced to EEOC on June 29. (*Id*. at 2-3.)

The fact that KDHE's attorneys did not know about this ESI source until it was discussed during two depositions late in discovery does not show substantial justification for ***KDHE*** waiting until the end of discovery to produce the documents from the Horizon system. KDHE itself clearly knew about Horizon and simply failed to disclose this ESI source to either its attorneys or EEOC. KDHE claims it did not understand the Horizon data to be relevant; but, given the standard for relevance, that excuse lacks credibility. Relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *see Rowan v. Sunflower Elec. Power Corp*., No. 15-9227, 2016 WL 3745680, at *2 (D. Kan. July 13, 2016) (applying *Oppenheimer* after the 2015 amendment). The Horizon data is clearly relevant, particularly given that the report goes to the heart of KDHE's main defense as to why it promoted through a direct appointment rather than post for the job. KDHE never explains why it did not generate the report from the database and produce the report sooner than the eve of discovery. Therefore, KDHE has not shown substantial justification for its late disclosure of the Horizon documents.

## IV. KDHE BELATED DOCUMENT PRODUCTION IS NOT HARMLESS

In determining whether a belated disclosure is harmless, the court considers: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *HCG Platinum*, 873 F.3d at 1200.

As to the first factor, EEOC states that it will be prejudiced by KDHE's late supplement because KDHE intends to use the documents as key evidence showing that Sage Hernandez was promoted to Lab Tech II because of her environmental work and not her age, which is "the crux of this entire case" and "the only empirical data purportedly substantiating its promotion decision." (ECF 88, at 4-5.) EEOC says it knows very little about this data or the database system it came from—for example, it "does not know what information the database system holds, how it creates and stores data, how users interact with the database, which steps of a Lab Tech's duties are and are not recorded, how the data summaries were created and by whom, and whether or to what extent key decision makers consulted the data when promoting Hernandez in 2023." (*Id*. at 5.) Thus, EEOC argues, if KDHE is permitted to use this data for dispositive motions or trial, EEOC will be unable to meaningfully refute or discount its accuracy, validity, or relevance—calling this late disclosure "exactly the kind of surprise and prejudice Rule 26 is designed to prevent." (*Id*.) KDHE counters that EEOC suffered no prejudice or surprise because it was already familiar with the laboratory accessioning process itself and even produced a document in its initial disclosures (titled "Environmental Receiving & Login Process") that identifies Horizon by name and describes the login process, yet never served discovery requests directed to Horizon. (ECF 89, at 7.) The court agrees with EEOC that KDHE's belated document production is prejudicial to EEOC, which did not have an opportunity to review or follow up on the 22,738 pages of discovery (mostly from Horizon) that KDHE served two days before the close of discovery. This belated disclosure certainly was not harmless.

Turning to the second factor, the court can cure the prejudice to EEOC by either excluding the late-produced documents or giving EEOC an opportunity to conduct further discovery at KDHE's expense. KDHE should not be allowed to use these documents on motion practice or at

trial without EEOC first having a full and fair opportunity to conduct discovery concerning these documents. Although the Tenth Circuit disfavors excluding evidence as a discovery sanction that would bar a party from pursuing claims or defenses, *HCG Platinum*, 873 F.3d at 1201, excluding these documents would not bar KDHE from pursuing its defense theory. As KDHE points out, the Horizon reports do not introduce a new defense theory or alter the factual issues in dispute but rather corroborates the deposition testimony of KDHE's witnesses that Hernandez performed significantly more environmental logins than Carper. (ECF 89, at 7-8.) So, even without using the late-produced documents, KDHE can still present witness testimony that it promoted Hernandez because of her environmental work, not her age; it simply cannot substantiate this argument with documentation from Horizon. And if KDHE decides these documents are important enough that it wants to use them, EEOC should not be forced to bear the time and expense of further discovery. Given the small amount at stake in this lawsuit financially, it was important that KDHE timely disclose and supplement its Rule 26(a)(1) materials, at least by the 40-days-before-the-close-of-discovery deadline in the scheduling order, so that EEOC could have efficiently pursued any follow-up discovery in the first instance.

On the third factor, allowing these documents to be used on motion practice or as evidence at trial would be disruptive. It would streamline the presentation of evidence if the documents are either excluded or if EEOC is given an opportunity to conduct discovery concerning these documents in advance of trial.

Lastly, the court does not find that KDHE necessarily acted in bad faith or willfully by not producing these documents sooner. However, it is incumbent on KDHE to ameliorate the prejudice to EEOC from KDHE's late disclosure.

For the above reasons, the court orders KDHE to choose which sanction the court will impose to remedy the prejudice to EEOC from the late disclosure: either (1) KDHE will be precluded from offering the late-produced documents on motion practice or at trial; or (2) EEOC will be allowed to conduct follow-up discovery concerning the late-produced documents at KDHE's expense. Either of these remedies should adequately address the prejudice to EEOC from KDHE's untimely supplemental disclosures. The court orders KDHE to file a notice with the court no later than **October 19, 2026**, stating which option it is electing. If KDHE does not timely file this notice, it will be precluded from using the late-produced documents on motion practice or at trial. If exclusion is the remedy, the parties must submit any final revisions to their proposed pretrial order by **October 26, 2026**, and the court will then set a date and time to reconvene the pretrial conference. If KDHE elects to use the late-produced documents, the parties must submit a joint status report by **October 26, 2026**, as to EEOC's anticipated plan for completing discovery on this issue.

## V. CONCLUSION

KDHE'S production of documents on the eve of discovery was not substantially justified nor harmless. For these reasons, the court grants EEOC's motion and orders KDHE to elect whether the late-produced documents will be excluded or whether EEOC may conduct further discovery regarding the late supplement at KDHE's expense.

**IT IS THEREFORE ORDERED** that EEOC's Motion to Exclude or, in the Alternative, for Discovery Sanctions (ECF 88) is granted, as set forth above.

**IT IS SO ORDERED.**

Dated October 6, 2026, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge